IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3181-BO

JOHN BRIAN GRANT, II,        )
                                     )
        Plaintiff,         )
                                     )      **DEFENDANT B.A. KUCHEN'S**
     v.                       )     **LOCAL RULE 56.1 STATEMENT**
                                     )        **OF MATERIAL FACTS**
B.A. KUCHEN,            )
                                     )
        Defendant.      )

Pursuant to Local Rule 56.1, and in support of *B. A. Kuchen's Motion for Summary Judgment*, defendant B. A. Kuchen (hereinafter, "Ofc. Kuchen"), offers the following statement of material facts as to which there is no genuine dispute:

## RELEVANT PROCEDURAL FACTS

1.     On August 11, 2023, undersigned counsel for Ofc. Kuchen served on Plaintiff *Defendant's First Set of Requests for Admission to Plaintiff*. [Exhibit 10: Pl's Rsp. to Requests for Admission.][1]

2.     Plaintiff returned *Defendant's First Set of Requests for Admission to Plaintiff* to undersigned counsel for Ofc. Kuchen with handwritten notations accompanying most, but not all, of the numbered requests for admission. [Exhibit 10: Pl's Rsp. to Requests for Admission.]

3.     Plaintiff returned *Defendant's First Set of Requests for Admission to Plaintiff* to undersigned counsel for Ofc. Kuchen <u>unsigned</u>. [Exhibit 10: Pl's Rsp. to Requests for Admission.]

---

[1]     The exhibit numbers used in this document correspond to those contained in the *Index of Documents Filed in Support of B. A. Kuchen's Motion for Summary Judgment* filed as Exhibit 1 to *B. A. Kuchen's Motion for Summary Judgment*.

1

## B. A. KUCHEN'S BACKGROUND

4. Ofc. Kuchen is employed as a police officer by the City of Raleigh Police Department (hereinafter, the "RPD") and currently holds the rank of Senior Police Officer. [Exhibit 2: Kuchen Decl. ¶ 1.]

5. Ofc. Kuchen has been an RPD officer since October 10, 2016. [Exhibit 2: Kuchen Decl. ¶ 1.]

6. From 2017 until 2020, Ofc. Kuchen was assigned to the Field Operations Division serving in the Southeast District. [Exhibit 2: Kuchen Decl. ¶ 1.]

7. In 2021, Ofc. Kuchen was assigned to the Career Criminal Unit of the RPD where he focused his attention on the apprehension of habitual felons trafficking narcotics within the City of Raleigh. [Exhibit 2: Kuchen Decl. ¶ 1.]

8. A short while later, Ofc. Kuchen was assigned to the Gang Suppression Unit. [Exhibit 2: Kuchen Decl. ¶ 1.]

9. On April 28, 2022, Ofc. Kuchen held the rank of Master Police Officer and was assigned to the RPD's Gang Suppression Unit (hereinafter, the "GSU"). [Exhibit 2: Kuchen Decl. ¶ 2.]

10. The RPD's GSU focuses its efforts on the apprehension of validated gang members committing crimes within the City of Raleigh. [Exhibit 2: Kuchen Decl. ¶ 3.]

## FACTS CONCERNING PLAINTIFF'S ARREST

11. On April 28, 2022, John Brian Grant, II (hereinafter, "Plaintiff") was in the company of Desmond Michael Bracey (hereinafter, "Bracey"). [Exhibit 10: Pl's Rsp. to Requests for Admission ¶ 2.]

2

12. During the evening hours of April 28, 2022, Plaintiff was a passenger in a motor vehicle (hereinafter, the "Hyundai") being operated by Bracey. [Exhibit 10: Pl's Rsp. to Requests for Admission ¶ 3.]

13. On April 28, 2022 at approximately 8:00 p.m., Ofc. Kuchen and a fellow RPD GSU officer (hereinafter, "Officer Patterson") were on patrol in an unmarked RPD vehicle in the area of Capital Blvd and Calvary Drive in Raleigh, North Carolina. [Exhibit 2: Kuchen Decl. ¶ 4.]

14. Ofc. Kuchen was operating the patrol vehicle and Officer Patterson occupied the passenger seat. [Exhibit 2: Kuchen Decl. ¶ 5.]

15. Both Officer Patterson and Ofc. Kuchen were wearing their RPD issued exterior vests that bore two patches that read POLICE and one badge patch that read RALEIGH POLICE. [Exhibit 2: Kuchen Decl. ¶ 6.]

16. Based on his appearance, the average citizen would have identified Ofc. Kuchen as a RPD officer. [Exhibit 2: Kuchen Decl. ¶ 7.]

17. On April 28, 2022 at approximately 8:00 p.m., another fellow RPD GSU officer (hereinafter, "Officer Howard") was conducting covert surveillance at the M3 Tobacco store located at 3132 Calvary Drive (hereinafter, the "Smoke Shop"). [Exhibit 2: Kuchen Decl. ¶ 8.]

18. The parking lot and immediate surroundings of the Smoke Shop are known to the RPD GSU as an open-air drug market. [Exhibit 2: Kuchen Decl. ¶ 9.]

19. Due to his failure to comply with Rule 36 of the Federal Rules of Civil Procedure, Plaintiff has admitted that the parking area for 3132 Calvary Drive in Raleigh, North Carolina is a known location for the sale and distribution of illegal drugs and/or controlled substances. [Exhibit 10: Pl's Rsp. to Requests for Admission ¶ 7.]

3

20. On numerous occasions prior to April 28, 2022, RPD officers have observed hand-to-hand drug transactions involving the sale and/or delivery of both marijuana and cocaine in the area of the Smoke Shop. [Exhibit 2: Kuchen Decl. ¶ 10.]

21. On numerous occasions prior to April 28, 2022, RPD officers have investigated drug trafficking in the area of the Smoke Shop, and many of these investigations have led to the recovery of illegal narcotics and other controlled substances. [Exhibit 2: Kuchen Decl. ¶ 11.]

22. On numerous occasions prior to April 28, 2022, RPD officers have made drug-related arrests in the area of the Smoke Shop, and many of these arrests have resulted in convictions. [Exhibit 2: Kuchen Decl. ¶ 12.]

23. Officer Howard transmitted to Ofc. Kuchen by radio the following events that he observed in the parking lot of the Smoke Shop:

    a) Officer Howard observed a male subject wearing a white tank top approach a vehicle parked in the parking lot of the Smoke Shop, reach into the vehicle and then leave the vehicle;

    b) Officer Howard then observed the subject wearing the white tank top enter a dark colored 2013 Hyundai Santa Fe passenger sport-utility vehicle (hereinafter, the "Hyundai");

    c) The Hyundai then proceeded to leave the parking lot of the Smoke Shop; and

    d) While exiting the parking lot of the Smoke Shop onto Calvary Drive, the Hyundai failed to stop at a duly erected stop sign.

[Exhibit 2: Kuchen Decl. ¶ 13.]

24. At approximately 8:00 p.m. on April 28, 2022, Plaintiff and Bracey were parked in the Hyundai in the parking area of the Smoke Shop. [Exhibit 10: Pl's Rsp. to Requests for Admission ¶ 6.]

25. Due to his failure to comply with Rule 36 of the Federal Rules of Civil Procedure, Plaintiff has admitted that on April 28, 2022, a duly erected stop sign controlled the movement of

4

vehicles exiting from the parking lot of 3132 Calvary Drive onto Calvary Drive. [Exhibit 10: Pl's Rsp. to Requests for Admission ¶ 5.]

26. Due to his failure to comply with Rule 36 of the Federal Rules of Civil Procedure, Plaintiff has admitted that while leaving the parking area of the Smoke Shop, the Hyundai failed to stop at a duly erected stop sign on Calvary Drive. [Exhibit 10: Pl's Rsp. to Requests for Admission ¶ 9.]

27. Due to his failure to comply with Rule 36 of the Federal Rules of Civil Procedure, Plaintiff has admitted that shortly after leaving the parking area of the Smoke Shop, the Hyundai failed to stop at a duly erected stop sign on Calvary Drive. [Exhibit 10: Pl's Rsp. to Requests for Admission ¶ 10.]

28. After transmitting his observations to Ofc. Kuchen by radio, Officer Howard transmitted the license plate information for the Hyundai. The license plate of the Hyundai was North Carolina JKH9692. [Exhibit 2: Kuchen Decl. ¶ 14.]

29. At that time of day and area, the behavior that Officer Howard observed was consistent with a hand-to-hand drug transaction. [Exhibit 2: Kuchen Decl. ¶ 15.]

30. RPD officers receive training in order to recognize the behaviors consistent with hand-to-hand drug transactions. [Exhibit 2: Kuchen Decl. ¶ 15.]

31. While serving on duty, RPD officers also have numerous opportunities to witness hand-to-hand drug transactions and develop familiarity with the behaviors associated with this conduct. [Exhibit 2: Kuchen Decl. ¶ 15.]

32. Due to the Hyundai's failure to stop at a duly erected stop sign and the behavior Officer Howard observed consistent with a hand-to-hand drug transaction, Officer Patterson and

5

Ofc. Kuchen decided to initiate a traffic stop of the Hyundai as it passed through the parking lot of the Food Lion grocery store located at 4510 Capital Blvd. [Exhibit 2: Kuchen Decl. ¶ 16.]

33.     Due to his failure to comply with Rule 36 of the Federal Rules of Civil Procedure, Plaintiff has admitted that Raleigh police had reasonable suspicion to stop the Hyundai at approximately 8:00 p.m. on April 28, 2022. [Exhibit 10: Pl's Rsp. to Requests for Admission ¶ 11.]

34.     Due to his failure to comply with Rule 36 of the Federal Rules of Civil Procedure, Plaintiff has admitted that Raleigh police had probable cause to believe that the Hyundai failed to stop at a duly erected stop sign on Calvary Drive in Raleigh, North Carolina at approximately 8:00 p.m. on April 28, 2022. [Exhibit 10: Pl's Rsp. to Requests for Admission ¶ 12.]

35.     At approximately 8:00 p.m. on April 28, 2022, Raleigh police initiated a traffic stop of the Hyundai in a public parking lot on Capitol Boulevard in Raleigh. [Exhibit 10: Pl's Rsp. to Requests for Admission ¶ 13.]

36.     Ofc. Kuchen positioned his patrol vehicle immediately behind the Hyundai and activated his vehicle's blue lights and siren. [Exhibit 2: Kuchen Decl. ¶ 17.]

37.     When Ofc. Kuchen activated his patrol vehicle's blue lights and siren, the headlights of his patrol vehicle were directed at the rear of the Hyundai. [Exhibit 2: Kuchen Decl. ¶ 18.]

38.     The headlights of Ofc. Kuchen's patrol vehicle illuminated the interior of the Hyundai and allowed Ofc. Kuchen to have a clear and unobstructed view of both the driver and front-seat passenger of the Hyundai.  [Exhibit 2: Kuchen Decl. ¶ 19.]

39.     The Hyundai proceeded slowly for a short distance before stopping. [Exhibit 2: Kuchen Decl. ¶ 20.]

6

40. While the Hyundai was proceeding slowly, Ofc. Kuchen observed both the driver and front-seat passenger of the Hyundai making movements within the vehicle. [Exhibit 2: Kuchen Decl. ¶ 21.]

41. While the Hyundai was proceeding slowly, Ofc. Kuchen observed either the driver or front-seat passenger throw an item from the front of the vehicle towards the rear of the vehicle. [Exhibit 2: Kuchen Decl. ¶ 22.]

42. Due to his failure to comply with Rule 36 of the Federal Rules of Civil Procedure, Plaintiff has admitted that after the Raleigh police vehicle that initiated the traffic stop of the Hyundai activated its blue emergency lights and before Bracey stopped the Hyundai, one or more front seat occupants of the Hyundai reached toward the floor of the Vehicle or under the front seats. [Exhibit 10: Pl's Rsp. to Requests for Admission ¶ 15.]

43. The Hyundai ultimately came to a stop in the parking lot of the Food Lion shopping center immediately ahead of Ofc. Kuchen's patrol vehicle. [Exhibit 2: Kuchen Decl. ¶ 23.]

44. After the Hyundai came to a full stop, Ofc. Kuchen began approaching the driver's side of the Hyundai. [Exhibit 2: Kuchen Decl. ¶ 24.]

45. While Ofc. Kuchen was approaching the Hyundai, the driver of the Hyundai, who was later identified as Bracey, immediately lit a cigarette. [Exhibit 2: Kuchen Decl. ¶ 25.]

46. Based on Ofc. Kuchen's training and experience, the lighting of cigarettes by drivers during traffic stops is consistent with attempting to obscure the odor of alcohol or marijuana. [Exhibit 2: Kuchen Decl. ¶ 26.]

47. Plaintiff had consumed an alcoholic beverage before Raleigh police officers stopped the Hyundai at approximately 8:00 p.m. on April 28, 2022. [Exhibit 10: Pl's Rsp. to Requests for Admission ¶ 17.]

48. When Raleigh police officers stopped the Hyundai at approximately 8:00 p.m. on April 28, 2022, an open container of an alcoholic beverage was located in the center console of the Hyundai between Bracey and Plaintiff. [Exhibit 10: Pl's Rsp. to Requests for Admission ¶ 16.]

49. When Raleigh police officers stopped the Hyundai at approximately 8:00 p.m. on April 28, 2022, the odor of alcohol could be detected on or coming from Plaintiff. [Exhibit 10: Pl's Rsp. to Requests for Admission ¶ 18.]

50. When Raleigh police officers stopped the Hyundai at approximately 8:00 p.m. on April 28, 2022, one or more juveniles were seated in the rear seat of the Vehicle. [Exhibit 10: Pl's Rsp. to Requests for Admission ¶ 19.]

51. When Ofc. Kuchen reached the open driver's side window of the Hyundai, he observed an open container of beer in the front center console cup holder of the Hyundai, he observed three (3) young children in the backseat of the Hyundai, and he smelled the odor of raw (unburned) marijuana emanating from the open driver's side window of the Hyundai. [Exhibit 2: Kuchen Decl. ¶ 27.]

52. Pursuant to North Carolina General Statutes § 20-138.7(a), a person who drives a motor vehicle on a highway or the right-of-way of a highway while there is an alcoholic beverage in the passenger area in other than the unopened manufacturer's original container, and while the driver is consuming alcohol or while alcohol remains in the driver's body is guilty of a Class 3 misdemeanor. [Exhibit 2: Kuchen Decl. ¶ 28.]

53. Because Ofc. Kuchen observed an open container of beer in the front center console cup holder of the Hyundai within easy reach of Bracey, Ofc. Kuchen concluded that there was probable cause to believe that Bracey had violated North Carolina General Statutes § 20-138.7(a). [Exhibit 2: Kuchen Decl. ¶ 29.]

8

54.     Due to the open container of beer, the odor of marijuana, and the small children who were back-seat passengers of the Hyundai, Ofc. Kuchen informed Bracey that he would be removed from the vehicle. [Exhibit 2: Kuchen Decl. ¶ 30.]

55.     Bracey passively resisted exiting the vehicle, but with the assistance of other RPD officers who had responded to the scene, he was ultimately removed from the Hyundai, placed in handcuffs, and detained without incident. [Exhibit 2: Kuchen Decl. ¶ 31.]

56.     While Ofc. Kuchen was interacting with Bracey, Officer Patterson asked the front-seat passenger, who was later identified as Plaintiff, to exit the Hyundai. [Exhibit 2: Kuchen Decl. ¶ 32.]

57.     Plaintiff passively resisted exiting the vehicle, but he was ultimately removed from the Hyundai, placed in handcuffs, and detained without incident.  [Exhibit 2: Kuchen Decl. ¶ 33.]

58.     After Bracey and Plaintiff were secured, Ofc. Kuchen returned to the Hyundai and had the three children removed from the backseat of the Hyundai. [Exhibit 2: Kuchen Decl. ¶ 34.]

59.     After all occupants had exited the Hyundai and because Ofc. Kuchen concluded that he had probable cause to recover additional evidence supporting charges against Bracey for criminal violations related to alcohol and controlled substances, Ofc. Kuchen and two (2) other RPD GSU officers began to search the Hyundai. [Exhibit 2: Kuchen Decl. ¶ 35.]

60.     The Hyundai's configuration included a front seat area, a back seat area, and a rear cargo area that was accessible to the passenger compartment of the vehicle. [Exhibit 2: Kuchen Decl. ¶ 36; Exhibit 10: Pl's Rsp. to Requests for Admission ¶ 4.]

61.     During their search of the Hyundai, one of Ofc. Kuchen's fellow RPD GSU officers informed Ofc. Kuchen that he had located and removed a clear plastic bag of marijuana from a small storage area located under the radio. [Exhibit 2: Kuchen Decl. ¶ 37.]

9

62. Due to his failure to comply with Rule 36 of the Federal Rules of Civil Procedure, Plaintiff has admitted that upon searching the Hyundai on April 28, 2022, Raleigh police officers located a bag of marijuana in a small pocket under the Hyundai's radio. [Exhibit 10: Pl's Rsp. to Requests for Admission ¶ 20.]

63. The radio of the Hyundai was located in the dashboard of the vehicle within reach of both the driver and front passenger seats of the Hyundai. [Exhibit 2: Kuchen Decl. ¶ 38.]

64. Another RPD GSU officer informed Ofc. Kuchen that he had located a bag containing a 9mm Glock model 43x handgun bearing serial # BMGN900, 9mm handgun ammunition, and additional marijuana packaged for sale in the rear cargo area of the Hyundai. [Exhibit 2: Kuchen Decl. ¶ 39.]

65. Due to his failure to comply with Rule 36 of the Federal Rules of Civil Procedure, Plaintiff has admitted that upon searching the Hyundai on April 28, 2022, Raleigh police officers located a bag in the rear cargo area containing a handgun. [Exhibit 10: Pl's Rsp. to Requests for Admission ¶ 21.]

66. Due to his failure to comply with Rule 36 of the Federal Rules of Civil Procedure, Plaintiff has admitted that upon searching the Hyundai on April 28, 2022, Raleigh police officers located a handgun magazine in the rear cargo area of the Vehicle. [Exhibit 10: Pl's Rsp. to Requests for Admission ¶ 22.]

67. Due to his failure to comply with Rule 36 of the Federal Rules of Civil Procedure, Plaintiff has admitted that upon searching the Hyundai on April 28, 2022, Raleigh police officers located handgun ammunition in the rear cargo area of the Vehicle. [Exhibit 10: Pl's Rsp. to Requests for Admission ¶ 23.]

68. Due to his failure to comply with Rule 36 of the Federal Rules of Civil Procedure, Plaintiff has admitted that upon searching the Hyundai on April 28, 2022, Raleigh police officers located marijuana packaged for sale in the rear cargo area of the Vehicle. [Exhibit 10: Pl's Rsp. to Requests for Admission ¶ 24.]

69. In total, Ofc. Kuchen and his fellow RPD GSU officers recovered 52 grams of marijuana during their search of the interior of the Hyundai. [Exhibit 2: Kuchen Decl. ¶ 40.]

70. Due to his failure to comply with Rule 36 of the Federal Rules of Civil Procedure, Plaintiff has admitted that upon searching the Hyundai on April 28, 2022, Raleigh police officers located approximately 52 grams of marijuana within the Vehicle. [Exhibit 10: Pl's Rsp. to Requests for Admission ¶ 25.]

71. None of the Hyundai's occupants owned the handgun found by Raleigh Police officers on April 28, 2022. [Exhibit 10: Pl's Rsp. to Requests for Admission ¶ 26.]

72. During their detention of Plaintiff and Bracey, Ofc. Kuchen determined that the 9mm Glock model 43x handgun bearing serial # BMGN900 recovered from the Hyundai during the search had been reported as stolen. [Exhibit 2: Kuchen Decl. ¶ 41.]

73. Due to his failure to comply with Rule 36 of the Federal Rules of Civil Procedure, Plaintiff has admitted that the handgun found by Raleigh Police officers on April 28, 2022 in the Hyundai had been reported stolen. [Exhibit 10: Pl's Rsp. to Requests for Admission ¶ 27.]

74. Prior to April 28, 2022, Plaintiff had been convicted of one or more felony criminal offenses. [Exhibit 10: Pl's Rsp. to Requests for Admission ¶ 1.]

75. During their detention of Plaintiff and Bracey, Ofc. Kuchen determined that both had been convicted of criminal offenses constituting felonies in New York and/or New Jersey. [Exhibit 2: Kuchen Decl. ¶ 42.]

76. During Ofc. Kuchen's questioning of Plaintiff, Plaintiff stated that everyone in the vehicle was "related." [Exhibit 2: Kuchen Decl. ¶ 43.]

77. During the detention of Plaintiff and Bracey on April 28, 2022, neither subject acknowledged ownership of the marijuana, handgun, or ammunition found during the search of the Hyundai. [Exhibit 2: Kuchen Decl. ¶ 44.]

78. Pursuant to North Carolina General Statutes § 90-94, marijuana is a Schedule VI controlled substance. [Exhibit 2: Kuchen Decl. ¶ 45.]

79. Pursuant to North Carolina General Statutes § 90-95 it is unlawful for any person to possess a controlled substance or to possess with intent to manufacture, sell or deliver, a controlled substance. [Exhibit 2: Kuchen Decl. ¶ 46.]

80. Because a clear plastic bag of marijuana had been found in a small storage area located under the radio within reach of both Plaintiff and Bracy, Ofc. Kuchen concluded that there was probable cause to believe that Plaintiff and/or Bracey had violated North Carolina General Statutes § 90-95 by possessing marijuana. [Exhibit 2: Kuchen Decl. ¶ 47.]

81. Based on the combination of (i) Plaintiff and Bracey's behavior while parked in the parking lot of the Smoke Shop, (ii) Ofc. Kuchen's observations of Plaintiff and Bracey's behavior after he activated his patrol vehicle's blue lights and sirens, and (iii) the discovery of 52 grams of marijuana, some of which had been packaged for sale, in an area of the Hyundai where the marijuana could have been passed or thrown from the front passenger area, Ofc. Kuchen concluded that there was probable cause to believe that Plaintiff and/or Bracey had violated North Carolina General Statutes § 90-95 by possessing marijuana with the intent sell or deliver it. [Exhibit 2: Kuchen Decl. ¶ 48.]

82.     Pursuant to North Carolina General Statutes § 14-71.1, any person who knowingly possesses any property, the stealing or taking whereof amounts to a larceny or a felony, is guilty of a Class H felony. [Exhibit 2: Kuchen Decl. ¶ 49.]

83.     In conjunction with the above-described observations and findings, because a stolen handgun had been found in an area of the Hyundai where the handgun could have been passed or thrown from the front passenger area, Ofc. Kuchen concluded that there was probable cause to believe that Plaintiff and/or Bracey had violated North Carolina General Statutes § 14-71.1. [Exhibit 2: Kuchen Decl. ¶ 50.]

84.     Pursuant to North Carolina General Statues § 14-318.2(a), any person providing care to or supervision of a child less than 16 years of age who creates or allows to be created a substantial risk of physical injury upon or to such child by other than accidental means is guilty of the Class A1 misdemeanor of child abuse. [Exhibit 2: Kuchen Decl. ¶ 51.]

85.     Because (i) Ofc. Kuchen observed an open container of beer in the front center console cup holder of the Hyundai within reach of Bracey, (ii) he smelled the odor of raw marijuana emanating from the open driver's side window of the Hyundai, and (iii) he observed what he believed to be a bag containing a stolen firearm and marijuana packaged for sale being passed or thrown from the front passenger area toward the rear of the Hyundai where the small children were seated, Ofc. Kuchen concluded that there was probable cause to believe that Plaintiff and/or Bracey had violated North Carolina General Statutes § 14-318.2(a). [Exhibit 2: Kuchen Decl. ¶ 52.]

86.     Due to his failure to comply with Rule 36 of the Federal Rules of Civil Procedure, Plaintiff has admitted that on April 28, 2022, Raleigh police officers had probable cause to arrest Bracey for possession of a stolen firearm.  [Exhibit 10: Pl's Rsp. to Requests for Admission ¶ 28.]

87.     Due to his failure to comply with Rule 36 of the Federal Rules of Civil Procedure, Plaintiff has admitted that on April 28, 2022, Raleigh police had probable cause to arrest Bracey for possession with intent to sell or distribute marijuana. [Exhibit 10: Pl's Rsp. to Requests for Admission ¶ 30.]

88.     Due to his failure to comply with Rule 36 of the Federal Rules of Civil Procedure, Plaintiff has admitted that on April 28, 2022, Raleigh police had probable cause to arrest Bracey for felony possession of marijuana. [Exhibit 10: Pl's Rsp. to Requests for Admission ¶ 32.]

89.     On April 28, 2022, Wake County Magistrate M. D. Murphy entered an Order finding that Bracey had been arrested without a warrant and that Bracey's detention was justified because there was probable cause to believe that Bracey on or about April 28, 2022; unlawfully, willfully and feloniously possessed and had in his custody a firearm; and that Bracey had previously been convicted of the felony of robbery. [Exhibit 3: Magistrate's Order, *The State of North Carolina vs. Desmond Michael Bracey*, Wake County File No. 22 CR 207002 (April 28, 2022).]

90.     On January 20, 2023, a Wake County grand jury returned a True Bill of Indictment finding that Bracey, on or about April 28, 2022, in Wake County, unlawfully, willfully and feloniously possessed or had in his custody, care or control a firearm; that Bracey had previously been convicted on May 14, 2010 in New York Supreme Criminal Court of the felony of Attempted Robbery-2nd Aided By Another which had been committed on July 9, 2009; and that Bracey's possession of a firearm was in violation of North Carolina General Statutes § 14-415.1(a). [Exhibit 4: Indictment: Possession of a Firearm by Felon, *The State of North Carolina vs. Desmond Michael Bracey*, Wake County File No. 22 CR 207002 (January 20, 2023).]

91. There is no evidence that Bracey challenged the validity of the traffic stop on April 28, 2022 at any time following his arrest.

92. There is no evidence that Bracey challenged the validity of the search of the Hyundai on April 28, 2022 at any time following his arrest.

93. There is no evidence that Bracey challenged the validity of his arrest on April 28, 2022 at any time following his arrest.

94. On April 13, 2023, Bracey pled guilty to Possession of a Firearm by a Felon, Possession of a Stolen Firearm, and Misdemeanor Child Abuse. These offenses having occurred on April 28, 2022. [Exhibit 5: Judgment Suspending Sentence - Felony, *The State of North Carolina vs. Desmond Michael Bracey*, Wake County File No. 22 CR 207002 (April 13, 2023).]

95. Plaintiff has no information regarding the resolution of the charges against Bracey arising from his arrest on April 28, 2022. [Exhibit 10: Pl's Rsp. to Requests for Admission ¶ 34.]

96. On April 13, 2023, Wake County Superior Court Judge Paul C. Ridgeway found that on April 28, 2022, Bracey was guilty of Possession of a Firearm by a Felon, Possession of a Stolen Firearm, and Misdemeanor Child Abuse. [Exhibit 5: Judgment Suspending Sentence - Felony, *The State of North Carolina vs. Desmond Michael Bracey*, Wake County File No. 22 CR 207002 (April 13, 2023).]

97. Having found Bracey guilty of Possession of a Firearm by a Felon, Possession of a Stolen Firearm, and Misdemeanor Child Abuse; Judge Paul C. Ridgeway sentenced Bracey to seventeen (17) to thirty (30) months of incarceration, such sentence suspended subject to completion of thirty-six (36) months of supervised probation. [Exhibit 5: Judgment Suspending Sentence - Felony, *The State of North Carolina vs. Desmond Michael Bracey*, Wake County File No. 22 CR 207002 (April 13, 2023).]

15

98.    Due to his failure to comply with Rule 36 of the Federal Rules of Civil Procedure, Plaintiff has admitted that on April 28, 2022, Raleigh police had probable cause to arrest him for possession of a stolen firearm. [Exhibit 10: Pl's Rsp. to Requests for Admission ¶ 29.]

99.    Due to his failure to comply with Rule 36 of the Federal Rules of Civil Procedure, Plaintiff has admitted that on April 28, 2022, Raleigh police had probable cause to arrest him for possession with intent to sell or distribute marijuana. [Exhibit 10: Pl's Rsp. to Requests for Admission ¶ 31.]

100.    Due to his failure to comply with Rule 36 of the Federal Rules of Civil Procedure, Plaintiff has admitted that on April 28, 2022, Raleigh police had probable cause to arrest him for felony possession of marijuana. [Exhibit 10: Pl's Rsp. to Requests for Admission ¶ 33.]

101.    On April 28, 2022, Wake County Magistrate M. D. Murphy entered an Order finding that Plaintiff had been arrested without a warrant and that Plaintiff's detention was justified because there was probable cause to believe that Plaintiff on or about April 28, 2022 (i) unlawfully, willfully and feloniously possessed with the intent to sell and deliver 52 grams of individually bagged marijuana; (ii) unlawfully, willfully and feloniously possessed a stolen Glock firearm knowing and having reasonable grounds to believe that the Glock firearm had been feloniously stolen, taken, and carried away; and (iii) unlawfully, willfully and feloniously possessed more than one and one-half ounces of marijuana.  [Exhibit 6: Magistrate's Order, *The State of North Carolina vs. John Brian Grant*, Wake County File No. 22 CR 206996 (April 28, 2022).]

102.    On May 17, 2022, a Wake County grand jury returned a True Bill of Indictment finding that Plaintiff, on or about April 28, 2022, in Wake County, (i) unlawfully, willfully and feloniously possessed with the intent to sell and deliver 52 grams of individually bagged marijuana in violation of North Carolina General Statutes § 90-95(a)(l); (ii) unlawfully, willfully and

16

feloniously possessed a stolen Glock firearm knowing and having reasonable grounds to believe that the Glock firearm had been feloniously stolen, taken, and carried away in violation of North Carolina General Statutes § 14-71.1; and (iii) unlawfully, willfully and feloniously possessed more than one and one-half ounces of marijuana in violation of North Carolina General Statutes § 90-95(a)(l). [Exhibit 7: <u>Indictment: Possession with Intent to Sell and Deliver Marijuana, Possession of a Stolen Firearm, and Felony Possession of Marijuana</u>, *The State of North Carolina vs. John Brian Grant*, Wake County File No. 22 CRS 206996 (May 17, 2022).]

103. On April 28, 2022, Wake County Magistrate M. D. Murphy entered an Order finding that Plaintiff had been arrested without a warrant and that Plaintiff's detention was justified because there was probable cause to believe that Plaintiff on or about April 28, 2022; unlawfully, willfully and feloniously possessed and had in his custody a firearm; and that Plaintiff had previously been convicted of the felony of Possession by Felon Non-Violent w/in 10 years. [Exhibit 8: <u>Magistrate's Order</u>, *The State of North Carolina vs. John Brian Grant*, Wake County File No. 22 CR 206997 (April 28, 2022).]

104. On May 17, 2022, a Wake County grand jury returned a True Bill of Indictment finding that Plaintiff, on or about April 28, 2022, in Wake County, unlawfully, willfully and feloniously possessed and had in his control a Glock handgun; that Plaintiff had previously been convicted on March 16, 2017 in Caroline County Virginia Circuit Court of Felony Possession of a Firearm by a Felon which had been committed on November 6, 2016; and that Plaintiff's possession of a firearm was in violation of North Carolina General Statutes § 14-415.1. [Exhibit 9: <u>Indictment: Possession of a Firearm by a Convicted Felon</u>, *The State of North Carolina vs. John Brian Grant*, Wake County File No. 22 CRS 206997 (May 17, 2022).]

This the 9th day of November 2023.

<div style="margin-left: 40%;">

**CITY OF RALEIGH**
**Karen McDonald**
**City Attorney**

By:    /s/  Hunt K. Choi
        HUNT K. CHOI
        Deputy City Attorney
        NC State Bar No. 24172
        Post Office Box 590
        Raleigh, North Carolina 27602
        Telephone:  (919) 996-6560
        Facsimile:  (919) 996-7021
        Email:  hunt.choi@raleighnc.gov
        *Counsel for Defendant Kuchen*

</div>

<div style="text-align: center;">18</div>

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 9th day of November 2023, I electronically filed the foregoing pleading or other document with the Clerk of the Court using the CM/ECF system.

I also certify that on the 10th day of November 2023, I mailed a copy of the foregoing pleading or other document to Plaintiff, who is appearing *pro se* in this action, at the following mailing address that he provided to the Court on October 3, 2023 [D.E. 27]:

John Brian Grant, II
5611 Goldstone Dr., Apt. 301
Raleigh, NC 27616

Respectfully submitted,

This the 9th day of November 2023.

**CITY OF RALEIGH**
**Karen McDonald**
**City Attorney**

By:    /s/  Hunt K. Choi
HUNT K. CHOI
Deputy City Attorney
NC State Bar No. 24172
Post Office Box 590
Raleigh, North Carolina 27602
Telephone:  (919) 996-6560
Facsimile:  (919) 996-7021
Email:  hunt.choi@raleighnc.gov
*Counsel for Defendant Kuchen*